# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOREEN E. CHRISTIAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN STERLING BANK, and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. 08cv0090-LAB (RBB)<br><br>**ORDER ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

## I. Introduction

Christian and American Sterling Bank agreed to settle this case for $15,000 in early January of 2009. Pursuant to a settlement agreement signed by Christian on March 26, 2009 and delivered to American Sterling Bank on April 2, 2009, the bank had until April 16, 2009 to send a check for the settlement amount to Christian's counsel.

American Sterling Bank did not send a check on time, and on April 17, 2009, it was placed into receivership, or "seized," by the Federal Deposit Insurance Corporation ("FDIC"). The FDIC then became the proper defendant in this case, and, as of June 30, 2009, had not decided whether to honor the settlement agreement.

On July 6, 2009, Christian moved for a judgment for the full settlement amount of $15,000. At some time thereafter, the FDIC provided Christian with a Receiver's Certificate

for $15,000. The FDIC argues Christian's pending motion is moot because the Receiver's Certificate was proper payment. Christian disagrees on the grounds "[a] Receiver's Certificate is conditional and does not constitute an actual payment or guarantee of payment." (Reply Br. at 2.)

## II. Discussion

Christian's concern that she will not receive her $15,000 stems from a Purchase and Assumption Agreement, entered on the same day that the FDIC seized American Sterling Bank, under which Metcalf Bank will assume American Sterling Bank and only those liabilities that "relate to assets subject to a loss share agreement." Unfortunately, Christian does not spell this concern out, and the Court cannot determine what to make of it.

Christian does say that "[w]hether this litigation was subject to a loss-share agreement is still at issue," meaning that it's unclear at the moment whether Metcalf will assume liability for American Sterling Bank's liability to Christian. (Reply Br. at 3.) If it does, according to Christian she "will not have a judgment to enforce against Metcalf Bank." (*Id*.) The problem here is that Christian fails to connect the dots. If Metcalf does assume American Sterling Bank's liability to Christian, why won't the Receiver's Certificate allow Christian to collect from Metcalf? What difference would an entry of judgment from the Court make? If Metcalf doesn't assume the liability, why is the Receiver's Certificate inadequate relative to an entry of judgment? Most importantly, why should the Court enter judgment for Christian while it remains unclear whether Metcalf will assume the liability at issue, and therefore whether Christian will be able to collect with her Receiver's Certificate? Christian offers no explanations.

Additionally, Christian did not even raise the Purchase and Assumption Agreement – a major factor, the Court would think – in her opening brief. Arguments not raised in the opening brief are ordinarily waived. *U.S. v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006). Surely Christian could have anticipated that the FDIC would raise the Receiver's Certificate in its opposition brief, and she could have laid out at the outset, in her opening brief, all of the facts essential to her motion.

The FDIC cites *Franklin Bank v. FDIC*, 850 F.Supp. 845, 848 (N.D. Cal. 1994) for the proposition that the "manner of recovery on an unsecured general creditor claim is specifically limited to a pro rata share of the proceeds of the liquidation of the failed institution in the form a [sic] receiver's certificate." (Opp'n Br. at 1.) Christian concedes this holding, but asserts in a conclusory manner – and without a single citation to legal authority – that the Purchase and Assumption Agreement makes this a different case.

The Court does not see why, and Christian has offered little in the way of an explanation. The Receiver's Certificate will therefore have to do. Christian's motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: November 9, 2009

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge